Robert Paul Monteleone
161 W. Wedwick St
TucsonAZ 85706
(520) 909-2727

FILED ___ LODGED
RECEIVED ___ COPY

MAY 1 2020

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

# IN UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Paul Monteleone,<br><br>     Plaintiff,<br><br>v.<br><br>The University of Arizona Dean of Student's Office;<br>University of Arizona Police Department;<br>University of Arizona Parking and Transportation Services,<br><br>     Defendant(s). | CASE NUMBER:<br><br><br>COMPLAINT |

### Jurisdiction

This court has jurisdiction over this matter pursuant to 42 U.S.C. Section 1983 §§ Confrontation Clause of the 6th Amendment. The plaintiff is a resident of Tucson, Pima County, AZ and a citizen of the United States. The defendant, , is a resident of Tucson, AZ and a citizen of the United States. The defendant, , is a resident of Tucson, AZ and a citizen of the United States. The defendant, , is a resident of Tucson, AZ and a citizen of the United States. The cause of action arose in the Tucson division.

### Complaint

On November 1, 2019, in the El Portal Building at The University of Arizona, I had a code of conduct hearing at which I was found guilty based upon speculation and false and unattributed statements. The University of Arizona Parking and Transportation Services (PTS, herein) violated the Confrontation Clause of the 6th Amendment by refusing to allow me to confront my accuser. Statements made by PTS cashiers were used against me as evidence, and I was not allowed to question any of them. PTS manager Elton Crawford claimed the cashier, "opted not to serve for fear of reprisal from Mr. Monteleone." This is a demonstrably false statement, given that the cashier, Alexandria Ochoa, wasn't named until this hearing, and I never contacted her, in any way, outside of our brief interaction at the PTS office. Without the opportunity to cross-examine this witness, the ridiculous statement attributed to her was accepted as fact by the people judging my case. Not only was Ms. Ochoa absent, but no fact witnesses were presented or

made available to be questioned. The only people who testified were Richard Salazar, the Dean of Students Office's investigator assigned to the case, Elton Crawford, and UAPD officer Tim Lopez. During the hearing, Richard Salazar refused to answer questions about his investigative methods and evidence used against me. The only evidence he presented was the statement from the cashier and his own speculation. While questioning UAPD officer Tim Lopez, Salazar brought up an email Lopez had sent to him regarding the the incident. This email was used as evidence against me, but I was never allowed to see it. I still haven't seen it. This email was sent after Lopez responded to the scene at the PTS office from which he said I left peacefully. This email was never quoted or made available to me or the people judging my case, either before, after, or during the hearing. When I was given the opportunity to question Lopez, his testimony contradicted the narrative created by the alleged statements from the absentee cashiers. This decision against me was based on written statements that went unchallenged because I was not given the opportunity to confront my accusers. This led to the hearing board finding me guilty of violating Code of Conduct 2: endangering/threatening/causing harm and Code of Conduct 11: interference/disruption. My punishment is suspension for one academic year. The Dean of Students office willfully ignored evidence. I provided receipts from the parking garage showing conflicting amounts due (the original point of contention). I asked Richard Salazar repeatedly to cite the PTS policy in dispute. Salazar claimed to have a document from Elton Crawford stating the policy. This was never provided to me. I emailed the Dean of Students, Kendal Washington White, and made her aware of this. This was one full month after my first meeting with Salazar at the DoS office. Following my email to White, Salazar emailed me a link to the PTS policy website. The document he claimed to have from Crawford was never presented. It took Salazar one full month to bother to look into the policy around which the entire dispute was based. Salazar had no interest in finding facts.

### Demand

In light of the above offenses and efforts made against me by UAPD, UA PTS, and UA Dean of Students Office, I am seeking relief in the form of having this incident completely and wholly stricken from my student record. I also expect to be re-instated as a student in good standing, and I expect to attend the University of Arizona tuition free, through graduate school, given that my GI Bill benefits expired during this ordeal and that the gap in my classes will cast a negative light on my transcripts/resume. **Damages: $4,065,000** In light of the above offenses and efforts made against me by UAPD, UA PTS, and UA Dean of Students Office, I am seeking relief in the form of having this incident completely and wholly stricken from my student record. I also expect to be re-instated as a student in good standing. I am also requesting $15,000 to remunerate me for GI Bill benefits I've lost in the time since this incident. I'm also requesting a paid parking pass for the remainder of my time as a student to prevent any further interactions with PTS personnel. I am also requesting $300,000 to compensate me for delaying my graduation and

career advancement. I'm requesting $250,000 for impairment of my reputation and emotional distress. Because of the ill will and spite I was shown by PTS, UAPD, and the Dean of Students office, I am seeking $3,500,000 in punitive damages. I had several meetings and conversations with Salazar throughout this ordeal. Each time, I asked the same questions and presented the receipts. Each time, these relevant facts were ignored. I emailed the Dean of Students herself and was treated as a nuisance. False statements were repeatedly and intentionally used against me to punish and silence me, and I was never given the opportunity to face my accusers. This should never happen to any student, and they should be forced to pay for their egregious misconduct.

Date: May 01, 2020

_____
Signature of Pro Se Plaintiff
Robert Paul Monteleone
161 W. Wedwick St
Tucson, AZ 85706
(520) 909-2727