**WO**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Paul Monteleone, | No. CV-20-00189-TUC-JAS (MSA) |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| v. | |
| University of Arizona Dean of Student's Office, et al., | |
| Defendants. | |

Pending before the Court is Defendants Arizona Board of Regents (the "Board"), University of Arizona Dean of Students Office, University of Arizona Police Department, and University of Arizona Parking and Transportation Services' motion to dismiss. (Doc. 11.) The motion has been fully briefed. (Docs. 18, 19.) For the following reasons, the Court will recommend that the motion be granted and that this matter be dismissed with prejudice.

### I.    Factual Allegations

Plaintiff is a student at the University of Arizona. (Doc. 10 at 2–3.) He was charged with committing two violations of the University's code of conduct after he allegedly had an altercation with an employee of the University's parking and transportation services. (*Id.* at 1-2.) Plaintiff received a hearing on the charges on November 1, 2019. (*Id.* at 1.) The employee in question did not attend the hearing, but her alleged statements were introduced as evidence against Plaintiff. (*Id.* at 1–2.) Plaintiff never received an opportunity to cross-examine the employee. (*Id.* at 2.) School officials found, based on speculation and false statements, that Plaintiff committed the violations and suspended him for one

academic year. (*Id.* at 1–2.)

Plaintiff alleges that he was deprived of his confrontation rights under the Sixth Amendment in violation of 42 U.S.C. § 1983. (*Id.* at 1.) He seeks injunctive relief as well as $4,065,000 in damages. (*Id.* at 3.)

## II.     Legal Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). It is satisfied if the claim has "facial plausibility," meaning there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A defendant may challenge the sufficiency of a complaint by filing a motion under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." A motion to dismiss under Rule 12(b)(6) may be "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533–34 (9th Cir. 1984)). In determining whether the plaintiff has stated a plausible claim, the court "must take all the factual allegations in the complaint as true," but it need not "accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

## III.    Discussion

### A.     Nonjural Defendants

In Arizona, lawsuits against a university must be brought against the Board. Ariz. Rev. Stat. § 15-1625(B)(3). Here, Plaintiff has also sued the University of Arizona Dean of Students Office, the University of Arizona Police Department, and the University of Arizona Parking and Transportation Services. These entities, which were created by the Board, are mere departments within the University and thus are incapable of being sued in

their own names. *See* Ariz. Rev. Stat. § 15-1625(A) (stating that the "board has jurisdiction and control over the universities"); Ariz. Rev. Stat. § 15-1626(A)(3) (stating that the Board has power to hire officers and employees "in connection with the operation" of universities; *see also Goode v. Alfred*, 828 P.2d 1235, 1236–37 (Ariz. Ct. App. 1991) (holding that the Board has power to establish a university police force). As such, any claims against them must be asserted against the Board.

## B. Eleventh Amendment Immunity

The Board contends that Plaintiff's claim fails as a matter of law because it has immunity under the Eleventh Amendment. "The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state." *Krainski v. Nevada ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 967 (9th Cir. 2010) (quoting *Romano v. Bible*, 169 F.3d 1182, 1185 (9th Cir. 1999)). The Board "is an arm of the State of Arizona for Eleventh Amendment purposes," and it has not consented to this lawsuit. *Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 864 (9th Cir. 2016). Consequently, Plaintiff's claim for injunctive relief and monetary damages is barred.[1]

Plaintiff argues that his lawsuit falls within the exception recognized in *Ex Parte Young*, 209 U.S. 123 (1908). "The *Young* doctrine allows individuals to pursue claims against a state for prospective equitable relief, including any measures ancillary to that relief." *Ariz. Students' Ass'n*, 824 F.3d at 865 (first citing *Green v. Mansour*, 474 U.S. 64, 68–71 (1985); and then citing *Hutto v. Finney*, 437 U.S. 678, 689–92 (1978)). To assert a claim under this doctrine, the plaintiff must seek injunctive relief to correct "ongoing violations of federal law." *Koala v. Khosla*, 931 F.3d 887, 895 (9th Cir. 2019). And, in cases like this one, the plaintiff must name as the defendant "either the President, Chair, or other members of [the Board] in their official capacities." *Ariz. Students' Ass'n*, 824 F.3d

---

[1]     Assuming that the University of Arizona Dean of Students Office, the University of Arizona Police Department, and the University of Arizona Parking and Transportation Services were properly named, they would also be entitled to Eleventh Amendment immunity. These entities are under the Board's control, and the Board is an arm of the state. *See Lewis v. Clarke*, 137 S. Ct. 1285, 1290 (2017) ("[A]n arm or instrumentality of the State generally enjoys the same immunity as the sovereign itself.").

at 865.

Here, Plaintiff makes at least two appropriate requests for prospective injunctive relief. He asks that he be reinstated as a student in good standing and that his disciplinary record be expunged. *See Doe v. Lawrence Livermore Nat'l Lab'y*, 131 F.3d 836, 841 (9th Cir. 1997) (holding that job reinstatement is prospective injunctive relief); *Flint v. Dennison*, 488 F.3d 816, 825 (9th Cir. 2007) (holding that expungement of a school disciplinary record is prospective injunctive relief). However, Plaintiff did not name a member of the Board as the defendant. As such, his claim is not covered by the *Young* exception.

### C.    Failure to State a Claim

The Board argues that Plaintiff has failed to adequately plead a § 1983 claim. To establish a § 1983 claim, the plaintiff must prove among other things that he was deprived of a constitutional right or a federal statutory right. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). Here, Plaintiff alleges that he was deprived of his confrontation rights under the Sixth Amendment when he was denied the opportunity, during school disciplinary proceedings, to cross-examine a witness against him. However, the Sixth Amendment grants confrontation rights only in "criminal prosecutions," and school disciplinary proceedings are not criminal prosecutions. U.S. Const. amend. VI. As Plaintiff has not alleged that he was deprived of a federal right, he has failed to plead the elements of a § 1983 claim.[2]

### D.    Res Judicata

The Board contends that Plaintiff's claim is barred by res judicata. "Under Arizona law, a party's failure to appeal a final administrative decision makes that decision final and res judicata." *Olson v. Morris*, 188 F.3d 1083, 1086 (9th Cir. 1999) (first citing *Hawkins v. Arizona*, 900 P.2d 1236, 1239–40 (Ariz. Ct. App. 1995); and then citing *Guertin v. Pinal County*, 875 P.2d 843, 845 (Ariz. Ct. App. 1994)). Federal courts afford the same deference to administrative decisions if (1) the administrative agency that issued the decision acted

---

[2]    Plaintiff makes a passing reference to "due process" in his first amended complaint, but his § 1983 claim is not based on a violation of substantive or procedural due process.

in a "judicial capacity," (2) the agency resolved "disputed issues of fact properly before it," and (3) the parties had an "adequate opportunity to litigate." *Miller v. County of Santa Cruz*, 39 F.3d 1030, 1032–33 (9th Cir. 1994) (citing *United States v. Utah Constr. & Mining Co.*, 384 U.S. 394, 422 (1966)).

Here, these requirements are satisfied. The Board acted in a judicial capacity and resolved disputed issues of fact properly before it. It considered argument and evidence presented both by Plaintiff and a University representative. Based on that presentation, it concluded that Plaintiff engaged in threatening behavior towards another person, thus violating the University code of conduct. (Doc. 11-5; Doc. 18-2.) Plaintiff also had an adequate opportunity to litigate these issues. Pursuant to the University's Student Disciplinary Procedures, Plaintiff gave a statement to the dean of students before a decision was made on the charges. (Doc. 11-3.) Plaintiff then had the dean's decision reviewed by a University hearing board and the provost. (Docs. 11-4, 11-5.) Plaintiff could have appealed the provost's decision to the Arizona superior court under Ariz. Rev. Stat. § 12-904. He could have further appealed to the Arizona Supreme Court under Ariz. Rev. Stat. § 12-913. These procedures constitute an adequate opportunity to litigate. *See Quade v. Ariz. Bd. of Regents*, 700 F. App'x 623, 625 (9th Cir. 2017) (reaching the same conclusion).[3]

Because Plaintiff did not appeal to the Arizona superior court, the Board's adverse decision is final, and this action is barred. *See id*. at 625–26 (holding that a student's claims were barred by res judicata because he did not seek a rehearing or appeal to the superior court); *Green v. Ariz. Bd. of Regents*, No. CV-18-04665-PHX-SPL, 2020 WL 2512759 (D. Ariz. May 15, 2020) (same). Plaintiff resists this conclusion, arguing that he received inadequate notice of his appellate rights. However, the record shows that Plaintiff was directed to the University's Student Disciplinary Procedures on at least three occasions. (Doc. 11-2 (March 24, 2019); Doc. 11-3 (July 23, 2019); Doc. 11-5 (December 3, 2019).)

---

[3]    Plaintiff also could have sought a rehearing before the provost under Disciplinary Procedure 5-403(G). (Doc. 11-6 at 11–12.) This procedure is specifically designed to address "irregularities or illegalities" that "deprived the student of a fair and impartial disciplinary process." (*Id.* at 11.)

1   This document outlines the procedures described above, including the right to appeal to the

2   superior court. (Doc. 11-6 at 11.) Plaintiff received adequate notice.

3           **E.      Leave to Amend**

4           "[I]n dismissing for failure to state a claim under Rule 12(b)(6), 'a district court

5   should grant leave to amend even if no request to amend the pleading was made, unless it

6   determines that the pleading could not possibly be cured by the allegation of other facts.'"

7   *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quoting *Doe v. United*

8   *States*, 58 F.3d 494, 497 (9th Cir. 1995)). Here, amendment would be futile because

9   Plaintiff's claim is barred by res judicata. There are no other facts that could cure this

10  defect. *See Olson*, 188 F.3d at 1086 (stating that res judicata bars claims based "not only

11  upon facts actually litigated but also upon those points that might have been litigated").

12          **IT IS RECOMMENDED** that Defendants' motion to dismiss (Doc. 11) be **granted**

13  and that this matter be **dismissed with prejudice**.

14          This recommendation is not immediately appealable to the United States Court of

15  Appeals for the Ninth Circuit. The parties shall have fourteen days from the date of service

16  of a copy of this recommendation within which to file specific written objections with the

17  district court. The parties shall have fourteen days within which to file responses to any

18  objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). No replies may be filed absent

19  prior authorization by the district court. Failure to file timely objections may result in the

20  acceptance of this recommendation by the district court without de novo review. *United*

21  *States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

22          Dated this 11th day of January, 2021.

23

24                                          Honorable Maria S. Aguilera
                                            United States Magistrate Judge
25

26

27

28

- 6 -